# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS, | Case No.: 1:23-cv-00923-SKO (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |
| v. | |
| | [21-DAY DEADLINE] |
| SHERIFF, KINGS COUNTY JAIL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant habeas petition in this Court on June 20, 2023. The petition appears to be unexhausted; therefore, Petitioner will be ordered to show cause why it should not be dismissed without prejudice.

**I.     PROCEDURAL HISTORY**

On March 23, 2021, Petitioner was convicted in the Kings County Superior Court of felony vandalism. (Doc. 1 at 2.[1]) On May 10, 2021, he was sentenced to a term of 4 years. (Doc. 1 at 2.) Petitioner indicates he appealed to the California Court of Appeals and judgment was affirmed on

---

[1] References are to the docket using ECF pagination.

1

September 14, 2022. (Doc. 1 at 5.)  He states he sought review in the California Supreme Court and review was denied on November 30, 2022.  (Doc. 1 at 5.)

Petitioner filed the instant federal petition on June 20, 2023. (Doc. 1.)  He contends that jury instructions CALCRIM Nos. 2900 and 2901 were difficult to understand and confused the jury.  He also claims that the special verdict form used to determine whether the damages were greater or lesser than $400 was a misstatement that improperly relieved the prosecution of its burden of proof.  Finally, he claims that the evidence was insufficient to support the verdict.

## II.     DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner states he raised his claim of insufficiency of the evidence to the appellate court and to the California Supreme Court. However, Petitioner does not indicate that he has sought relief for his other claims in the state courts. Because it appears Petitioner has not presented all his claims for federal relief to the California Supreme Court, the petition appears to be a mixed petition containing unexhausted claims. The Court cannot proceed to the merits of his unexhausted claims, except to dismiss them. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

Petitioner will be directed to show cause why the petition should not be dismissed for failure to exhaust state remedies. If Petitioner has not exhausted certain claims, Petitioner may elect to

1 withdraw them from the petition and proceed only on his exhausted claim, or he can file a notice of
2 voluntary dismissal without prejudice so he may return to the state court to exhaust his remedies as to
3 his unexhausted claims.

### ORDER

Accordingly, Petitioner is DIRECTED to SHOW CAUSE within twenty-one days why the petition should not be dismissed for failure to exhaust state remedies.

IT IS SO ORDERED.

Dated:   **June 21, 2023**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE