# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SHERIFF, KINGS COUNTY JAIL,<br><br>　　　　Respondent. | Case No.  1:23-cv-00923-SKO-HC<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE<br><br>[10-DAY OBJECTION DEADLINE] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On June 20, 2023, Petitioner filed the instant habeas petition in this Court.  After conducting a preliminary review of the petition, on June 21, 2023, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Doc. 4.)  On June 30, 2023, Petitioner filed a response to the order to show cause. (Doc. 5.)  Petitioner states he was unaware of the proper appellate procedure and concedes the claims are unexhausted.  He seeks to withdraw the instant petition and return to the state courts to exhaust his state remedies.  Respondent has not yet filed an answer to the petition.

　　　　Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, "the [petitioner] may dismiss an action without a court order by filing: a notice of dismissal before the opposing

1

party serves either an answer or a motion for summary judgment . . . ." Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

In this case, Respondent has not yet filed an answer or other responsive pleading. Therefore, under Rule 41(a)(1), the petition must be dismissed without prejudice. The Court expresses no opinion with respect to the timeliness of the instant petition or any future petition. Nevertheless, Petitioner is advised that there is a one-year statute of limitations period governing the filing of federal habeas petitions which commences upon the conclusion of direct review. 28 U.S.C. § 2244(d). The statute may be tolled while Petitioner seeks relief in the state courts, see 28 U.S.C. § 2244(d)(2), but it is not tolled for the time a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be dismissed without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **July 20, 2023**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE